IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 1:15-cr-308(03) |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| JOSEPH TYERYAR, | : | |
| Defendant. | : | |

## ORDER

### August 3, 2017

Before the Court are Defendant Joseph Tyeryar's ("Defendant" or "Tyeryar") objections to the Presentence Investigation Report ("PSR"). The parties' positions on Defendant's objections have been fully briefed (Docs. 207 and 246) and are therefore ripe for our review. The Defendant's sentencing is scheduled for August 15, 2017.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 20, 2016, the Defendant pled guilty to Count 1 of a multiple count Indictment. Count 1 charged the Defendant with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. § 846. The Defendant was involved with a drug trafficking conspiracy, the leader of which was co-Defendant Angel Moorman ("Moorman"). Investigators determined through intercepted calls and text messages that Moorman was using the Defendant's home as place from which to distribute drugs. (PSR ¶¶ 5-7)

1

Upon his arrest, Tyeryar told authorities that Moorman was a distributor of heroin, cocaine and crack cocaine, and that Moorman "always" carried a firearm. Tyeryar disclosed that for approximately 6 to 8 months, he facilitated drug transactions for Moorman by calling customers and telling them to come to his residence. Tyeryar stated that Moorman sold drugs to about 15 individuals per day and made between $1,000 to $2,000 daily from the sale of these drugs. Tyeryar received crack cocaine in exchange for facilitating Moorman's drug sales. In May of 2016, in the presence of counsel, Tyeryar proffered to the Government and Department of Homeland Security regarding Moormans' drug activities. During this proffer, Tyerar admitted that he saw Moorman with handguns on multiple occasions, either on his person or in his car. (PSR ¶¶ 11-12).

After Tyeryar's guilty plea was accepted by this Court, the PSR was prepared. The Defendant lodged two objections to the PSR. The Defendant first objects to Paragraph 20, which contains a 2-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). It is the Defendant's position that because he never possessed a firearm himself, the enhancement is inapplicable. Next, the Defendant objects to Paragraph 22, Adjustment for Role in the Offense, arguing that he should receive a 3-level downward departure pursuant to U.S.S.G. § 3B1.2 because his involvement falls between a minor and minimal participant.

We shall discuss each objection in turn.

## II. ANALYSIS

### A. Firearm Enhancement

Tyeryar objects to the 2-level firearm enhancement as applied, arguing that U.S.S.G. § 2D1.1(b)(1) is inapplicable because he never possessed a firearm.

As noted above, the Defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Hydrochloride. Pursuant to U.S.S.G. § 3B1.3, Relevant Conduct, "in the case of a jointly undertaken criminal activity," a defendant is accountable for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity . . ." Thus, pursuant to U.S.S.G. § 3B1.1, a defendant is responsible for the criminal conduct of a co-conspirator when the conduct is within the scope and in furtherance of the jointly undertaken criminal activity, and was reasonably foreseeable in connection with the offense. *See* U.S.S.G. §3B1.1, Application Note 4(B)(i). Here, Tyeryar allowed co-Defendant Moorman to distribute drugs from his residence for a 6 to 8 month period, in exchange for crack cocaine for Tyeryar's personal use. Tyeryar told agents that Moorman, his co-conspirator, "always" carried a firearm, and he admitted that he had seen Moorman in possession of handguns on multiple occasions.

Based on the foregoing, we find that the 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm is correctly applied to Tyeryar.

Not only was it reasonably foreseeable that Tyeryar's co-conspirator, Angel Moorman, would possess firearms to further the drug trafficking conspiracy, Tyeryar was actually aware of and witnessed Moorman's possession of the firearms. Accordingly, Tyeryar can appropriately be held responsible for this conduct, and his objection to Paragraph 20 is overruled.

### B. Role in the Offense

Tyeryar seeks a 3-level reduction in his offense level pursuant to U.S.S.G. § 3B1.2, asserting that his involvement in this offense falls in between a minor and minimal participant. Application Note 3(a) to U.S.S.G. § 3B1.2 provides that downward role adjustments are "for a defendant who plays a role in committing the offense that makes him substantially less culpable than the average participant in criminal activity." Factors the Court can consider in whether to grant a downward adjustment include:

(1) the degree to which the defendant understood the scope and structure of the criminal activity;

(2) the degree to which the defendant participated in planning or organizing the criminal activity;

(3) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(4) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(5) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, Application Notes 2, 3.

As aforestated, for a period of 6 to 8 months, the Defendant permitted co-Defendant Angel Moorman to use his residence as a home base for his drug distribution operation. Tyeryar made telephone calls to notify customers when Moorman was at his residence with drugs for sale. The Defendant was aware of the fact that Moorman was an armed drug trafficker, and that he sold to about 15 individuals per day, making approximately $1,000 to $2,000 daily in drug sales. Tyeryar in part facilitated Moorman's success by permitting Moorman to use his home as a place from which to deal drugs and by making arrangements with Moorman's customers. On the other hand, there is nothing to indicate that Tyeryar had any decision-making authority regarding the drug trafficking conspiracy, nor was Tyeryar the supplier of the drugs. On balance, we cannot find that Tyeryar qualifies for a minimal reduction (4 levels) or even the 3-level reduction he seeks. We will, however, grant a 2-level reduction for minor role given the application of facts of this matter to factors listed above.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Defendant's objection to Paragraph 20 of the PSR is **OVERRULED**.

---

[1] While the Government does not concur in a 2-level downward adjustment, it does concede that "If the court believes that some sort of adjustment is appropriate, then the United States would recommend no more than a 2-level reduction for role in the offense." (Doc. 246, p. 4).

2. Defendant's objection to Paragraph 22 is **SUSTAINED** and the Court shall grant a 2-level downward departure in offense level pursuant to U.S.S.G. §3B1.2.

3. The Defendant's Total Offense Level is adjusted to Level 12, and the resulting guideline imprisonment range is **15 to 21 months** (Zone D) and a fine range of $3,000 to $1,000,000.

4. The Defendant's sentencing remains as scheduled for August 15, 2017 at 10:00 a.m.

s/ John E. Jones III
John E. Jones III
United States District Judge
